IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



FILED
NOV 28 2018
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

**CHRISTOPHER LEE JOYNER, JR,**

Petitioner,

v.   Civil Action No. **3:18CV394**

**MARK HERRING,**

Respondent.

## MEMORANDUM OPINION

Christopher Lee Joyner, Jr., a state prisoner proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 1) challenging his convictions in the Circuit Court of the City of Virginia Beach, Virginia ("Circuit Court"). Respondent moves to dismiss on the ground that the one-year statute of limitations governing federal habeas petitions bars the § 2254 Petition. Despite the provision of notice pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Joyner has not responded. For the reasons set forth below, the Motion to Dismiss (ECF No. 17) will be GRANTED.

### I. PROCEDURAL HISTORY

A jury convicted Joyner of robbery, abduction with the intent to extort money, armed statutory burglary, aggravated malicious wounding, and four counts of use of a firearm in the commission of a felony. *See Commonwealth v. Joyner*, CR08–3169, at 1 (Va. Cir. Ct. Oct.1, 2010.) In accordance with the jury's verdicts regarding sentencing, the Circuit Court sentenced Joyner to a total sentence of eighty-three years of incarceration. (*Id.*) Joyner noted an appeal. On May 24, 2011, the Court of Appeals of Virginia denied Joyner's appeal. *Joyner v. Commonwealth*,

No. 2308-10-1, at 1–5 (Va. Ct. App. May 24, 2011.) Joyner did not appeal to the Supreme Court of Virginia.

On April 5, 2012, Joyner filed his first petition for a writ of habeas corpus in the Supreme Court of Virginia. Petition for Writ of Habeas Corpus at 1, *Joyner v. Dir. of the Dep't. of Corr.*, No. 120566 (Va. Apr. 5, 2012). On August 2, 2012, the Supreme Court of Virginia granted Joyner's petition on the limited ground that Joyner was denied the right to appeal his conviction and sentence to the Supreme Court of Virginia and granted him leave to file a belated appeal. *Joyner*, No. 120556 (Va. Aug. 2, 2012). On March 5, 2013, the Supreme Court of Virginia refused his petition for appeal. *Joyner v. Commonwealth*, No. 121872, at 1 (Va. Mar. 5, 2013).

On April 26, 2013, Joyner filed his second petition for a writ of habeas corpus in the Supreme Court of Virginia. Petition for Writ of Habeas Corpus at 1, *Joyner v. Dir. of the Dep't of Corr.*, No. 130690 (Va. Apr. 26, 2013). On October 25, 2013, the Supreme Court of Virginia dismissed the petition. *Joyner*, No. 130690, at 1–5 (Va. Oct. 25, 2013).

On May 29, 2018, Joyner filed the instant § 2254 Petition.[1] In his § 2254 Petition, Joyner asserts the following claims for relief:[2]

> Claim One: Trial counsel was ineffective because he "fail[ed] to object to the trial court not allowing the defense to present evidence." (§ 2254 Pet. 6.)
>
> Claim Two: Trial counsel was ineffective because he "fail[ed] to file a motion for a new trial after trial court refused to allow the defense to present evidence." (*Id.* at 8.)
>
> Claim Three: Trial counsel was ineffective because he "fail[ed] to call witnesses on behalf of the defense after Petitioner made defense counsel aware that witnesses exist and are willing to testify." (*Id.* at 9.)

---

[1] This is the date Joyner states that he placed his § 2254 Petition in the prison mailing system (*see* § 2254 Pet. 16), and the Court deems this the filed date. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

[2] The Court corrects the capitalization in the quotations from Joyner's submissions.

2

Claim Four: Trial counsel was ineffective because he "fail[ed] to object to the in-court identification made by a witness after that witness failed to identify the Petitioner immediately following the crime." (*Id.* at 11.)

## II. ANALYSIS

### A. Statute of Limitations

Respondent contends that the federal statute of limitations bars Joyner's claims. Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2244 to establish a one-year period of limitation for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. Specifically, 28 U.S.C. § 2244(d) now reads:

1. A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
2. The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

3

## B. Commencement and Running of the Statute of Limitations

The Supreme Court of Virginia refused his petition for appeal on March 5, 2013. Joyner's conviction became final on Monday, June 3, 2013, when the time to petition for a writ of certiorari with the United States Supreme Court expired. *See* Sup. Ct. R. 13.1; *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) ("[T]he one-year limitation period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired . . . ." (citing 28 U.S.C. § 2244(d)(1)(A))).

## C. Statutory Tolling

Although Joyner's conviction became final on June 3, 2013, on April 26, 2013 Joyner filed a second petition for writ of habeas corpus. Petition for Writ of Habeas Corpus at 1, *Joyner v. Dir. of the Dep't of Corr.*, No. 130690 (Va. Apr. 26, 2013). On October 25, 2013, the Supreme Court of Virginia dismissed the petition. *Joyner*, No. 130690, at 1–5 (Va. Oct. 25, 2013). Thus, the limitations period was tolled during that period, but began running again the following day, October 26, 2013. Therefore, Joyner had one year, or until Monday, October 27, 2014 to file his federal habeas petition. Joyner filed his § 2254 Petition on May 29, 2018, nearly three and a half years after the expiration of the one-year statute of limitations. Thus, the statute of limitations bars the § 2254 Petition unless Joyner demonstrates entitlement to a belated commencement of the limitation period under 28 U.S.C. § 2244(d)(1)(B)–(D) or equitable tolling. Neither Joyner nor the record suggests any plausible basis for belated commencement of the limitation period or equitable tolling.

## D. Joyner's Argument for Timeliness

Joyner suggests his § 2254 Petition is timely because *Martinez v. Ryan*, 566 U.S. 1 (2012) allows him to bring an untimely § 2254 Petition. Joyner is incorrect. The Supreme Court in

4

*Martinez* explained that ineffective assistance of counsel "at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Id.* at 9. Joyner fails to suggest how *Martinez* entitles him to a belated commencement of the limitation period under § 2244(d) or entitles him to equitable tolling under the pertinent analysis. Moreover, *Martinez* has no applicability to cases barred by § 2244(d). *See Lambrix v. Sec'y Fla. Dep't Corr.*, 756 F.3d 1246, 1262 (11th Cir. 2014); *Ward v. Clarke*, No. 3:14CV11–HEH, 2014 WL 5795691, at *3 (E.D. Va. Nov. 6, 2014).

Because Joyner fails to demonstrate entitlement to equitable tolling or a belated commencement, the statute of limitations bars his § 2254 Petition.

### III. CONCLUSION

For the foregoing reasons, Respondent's Motion to Dismiss (ECF No. 17) will be GRANTED. Joyner's § 2254 Petition (ECF No. 1) will be DENIED. A certificate of appealability will be DENIED.[3] The action will be DISMISSED.

An appropriate Final Order shall issue.

/s/ Roderick C. Young
United States Magistrate Judge

Date: November 28, 2018
Richmond, Virginia

---

[3] An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Joyner fails to meet this standard. Accordingly, a certificate of appealability will be DENIED.

5